# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 7/15/2015

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT OF APPEALS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/15/2015 4:40:57 PM

CHRISTOPHER A. PRINE
Clerk

TO:     1ST COURT OF APPEALS

From:   **Deputy Clerk: MICHELLE LOPEZ**
        **Chris Daniel, District Clerk**
        **Harris County, T E X A S**

**CAUSE:**   2013-41593

**VOLUME** _____ **PAGE** _____   OR   **IMAGE #** 65608067

**DUE** 9/28/2015          **ATTORNEY** 20579310

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE** 1ST

**DATE JUDGMENT SIGNED:** 5/29/2015

**MOTION FOR NEW TRIAL DATE FILED** 6/30/2015

**REQUEST TRANSCRIPT DATE FILED** N/A

**NOTICE OF APPEAL DATE FILED** 7/13/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED:   YES** ☐ **NO** ☒   **IMAGED FILED:   YES** ☒ **NO** ☐

**CODES FOR NOTICE OF APPEAL:** BC, C, OA

CHRIS DANIEL
Harris County, District Clerk

By: /s/MICHELLE LOPEZ
    **MICHELLE LOPEZ, Deputy**

**BC**     **NOTICE OF APPEAL FILED**
**BG**     **NOTICE OF APPEAL FILED – GOVERNMENT**
**C**      **JUDGMENT BEING APPEALED**
**D -**    **ACCELERATED APPEAL**
**OA**     **NO CLERK'S RECORD REQUEST FILED**
**O**      **CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL**)
**NA**     **AMENDED NOTICE OF APPEAL**

NO. 2013-41593

| | | |
|---|---|---|
| PREDISTELL ROBINSON | § | |
| AND MAENETTA ROBINSON, | § | IN THE DISTRICT COURT OF |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PROGRESSIVE COUNTY MUTUAL | § | |
| INSURANCE COMPANY AND | § | |
| DONALD JAMES WILKINS | § | |
| DEFENDANTS | § | 80TH JUDICIAL DISTRICT |

## NOTICE OF APPEAL

To the Honorable District Judge:

1. Plaintiffs Predistell Robinson and Maenetta Robinson file this Notice of Appeal pursuant to Tex. R. App. P. 25.1 (c) and 26.1 (a).

2. The 80th District Court of Harris County, Texas, signed a Final Judgment on May 29, 2015, in Cause No. 2013-41593.

3. Defendants Progressive County Mutual Insurance Company and Donald James Wilkins filed notice of appeal on June 28, 2015 which has been docketed as Court of Appeals Cause Number 01-15-00572-CV.

4. Plaintiffs' timely filed a Motion for New Trial on November 21, 2014 by submitting their Motion for New Trial to an electronic filing service provider. Plaintiffs resubmitted their Motion for New Trial to the electronic filing service provider on June 30, 2015 because the clerk did not accept the original filing based on formatting error. Because Plaintiffs initially delivered their Motion for New Trial to the electronic filing service provider on November 21, 2014, it is deemed timely filed under Tex. R. Civ. Pro. 21(f).

1

5. Plaintiffs appeal from the district court's order denying Plaintiffs' Motion for Judgment Notwithstanding the Verdict.

6. Plaintiffs desire to appeal to the First or Fourteenth Court of Appeals, sitting in Houston, based on the designation by the Harris County District Clerk.

Respectfully submitted,

Friesell Westerlage, PLLC

By: /s/ John Riley Friesell

John Riley Friesell
State Bar No. 90001413
The Niels Esperson Building
808 Travis St., 24th Floor
Houston, TX 77002
Telephone: 713-236-9177
Fax: 713-650-1602
john.friesell@sbcglobal.net
**Attorney in Charge for Plaintiffs**
**Predistell Robinson and Maenetta**
**Robinson**

2

<u>Certificate of Service</u>

I certify that on July 10th, 2015, a copy of the foregoing Plaintiffs' Notice of Appeal was served by e-service on opposing counsel:

/s/ John Riley Friesell
John Riley Friesell

WADE WILLIAMS
*WWILLIAMS@LEWISANDWILLIAMS*
LEWIS & WILLIAMS, L.L.P.
1014 HERCULES AVENUE
HOUSTON, TEXAS 77058

ATTORNEY FOR DEFENDANTS

GEORGE W. VIE III
*GVIE@MILLSSHIRLEY.COM*
MILLS SHIRLEY L.L.P.
2228 MECHANIC STREET, SUITE 400
GALVESTON, TEXAS 77550

ATTORNEY FOR DEFENDANTS

/s/ John Riley Friesell
John Riley Friesell

## NO. 2013-41593

| PREDISTELL ROBINSON, AND MAENETTA ROBINSON, PLAINTIFFS, | § § § § | IN THE DISTRICT COURT OF |
|---|---|---|
| V. | § § | HARRIS COUNTY, TEXAS |
| PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, AND DONALD JAMES WILKINS DEFENDANTS | § § § § | 80TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

On August 18, 2014, this case was called for trial. Plaintiff Predistell Robinson appeared in person and announced ready for trial. Plaintiff Maenetta Robinson appeared through counsel and announced ready for trial. Defendants Progressive County Mutual Insurance Company and Donald James Wilkins appeared in person and announced ready for trial.

After a jury was impaneled and sworn, it heard the evidence and arguments of counsel. In response to the jury charge, the jury made findings that the Court received, filed, and entered of record. The questions submitted to the jury and the jury's findings are attached as Exhibit A and incorporated by reference. Plaintiffs filed a motion for judgment notwithstanding the verdict.

The Court hereby RENDERS judgment for Plaintiffs.

1. Accordingly, the Court orders that Plaintiffs recover the following from Progressive County Mutual Insurance Company.

   a. Actual damages in the amount of $26,000.00.



**FILED**
Chris Daniel
District Clerk

MAY 29 2015
Time:_____ 4:00pm
Harris County, Texas
By_____
Deputy
A.C.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

b. Pre-judgment interest on the actual damages awarded at the rate of 18% from April 30, 2012 until the date of this judgment, in the amount of $14,270.79.

c. Court costs.

d. Reasonable and necessary attorney fees taxed as court costs under Texas Insurance Code § 542.060(b) in the amount of $39,650.

e. Post-judgment interest on all of the above at the rate of 5% compounded annually, from the date this judgment is entered until all amounts are paid in full.

2. This judgment finally disposes of all claims and parties, and is appealable.

Signed on _____ May 29 ___, 2015.

JUDGE PRESIDING

NO. 2013-41593

| | | |
|---|---|---|
| **PREDISTELL ROBINSON** | § | **IN THE DISTRICT COURT OF** |
| **AND MAENETTA** | § | |
| **ROBINSON, PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **PROGRESSIVE COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY AND** | § | |
| **DONALD JAMES WILKINS,** | § | |
| **DEFENDANTS.** | § | **80TH JUDICIAL DISTRICT** |

## PLAINTIFFS' MOTION FOR NEW TRIAL

Plaintiffs, Predistell Robinson and Maenetta Robinson, ask the Court to grant a new trial in the interest of justice and fairness and show the following.

## INTRODUCTION

1. Plaintiffs sued Defendants Progressive County Mutual Insurance Company and Donald James Wilkins for; *inter alia,* breach of contract and for violations of the Unfair Claims Settlement Practices Act and Prompt Payment of Claims Act of the Texas Insurance Code. Tex. Ins. Code § 542 Subchapters A and B.

2. The Court submitted the case to the jury and the jury returned a verdict in part for Plaintiffs. *See* Exhibit A, the jury's verdict, which is attached and incorporated by reference. The jury determined that Defendant Progressive breached the contract and violated the Prompt Payment of Claims Act.

1

## ARGUMENT AND AUTHORITIES

### Plaintiffs Established Their Loss of Use Damages

3. The Court should grant a motion for new trial because the evidence established at trial does not support the jury finding of zero damages for question number 2, loss of use. *Fredonia State Bank v. General Am. Life Ins.,* 881 S.W.2d 279, 281 (Tex. 1994); *Cecil v. Smith*, 804 S.W. 2d 509, 512 (Tex. 1991). Thus, the jury's answer to question 2 regarding loss of use is incorrect, and the Court erred by overruling the motion for judgment notwithstanding the verdict.

4. The jury found that Defendant Progressive breached the contract when it failed to pay Plaintiffs' claim and that the resulting damages were $26,000.00. But the jury determined that Plaintiffs suffered $0.00 in damages for loss of use due to Defendant Progressive's breach of the insurance policy. *See* Exhibit A, Jury Questions 1 and 2. Plaintiffs ask the Court for a new trial because the evidence at trial established damages for loss of use and a finding of zero damages is against the overwhelming weight of the evidence supporting damages for the loss of use of the travel trailer.

### When is Loss of Use Recoverable?

5. The remedies provided by the Texas Insurance Code are cumulative. *See* Tex. Ins. Code §542.061("The remedies provided by this subchapter are in addition to any other remedy or procedure provided by law or at common law").

6. The loss of use of a vehicle, or in this case, a travel trailer, is afforded when there is a total loss and when an insurer unreasonably delays the payment of a claim. *Morrison v. Campbell*, 431 S.W.3d 611 (Tex. App. – Fort Worth 2014, reh'g overruled). The general rule in Texas

2

had been that, although loss of use is owed to the plaintiff where the property is repairable, loss of use was not allowed where the property was destroyed. But recent court decisions in Texas and other jurisdictions have rejected this rule, recognizing the antiquity and the unjust results that this rule leads to. Thus, loss of use damages are available where an insurer unreasonably delays paying a claim and the insured is unable to replace the insured property absent insurance coverage. *Am. Alternative Ins. Corp. v. Davis*, 10-13-00275-CV, 2014 WL 2917081 (Tex. App. June 26, 2014), citing *Morrison v. Campbell*, 431 S.W.3d 611, 614 (Tex. App. – Forth Worth 2014). In this case, Plaintiffs were unable to replace their stolen travel trailer due to Defendant Progressive's delay in paying the theft claim under the policy and, therefore, Plaintiffs suffered loss of use damages.

**Calculation of Loss of Use Damages**

7. Loss of use damages are measured by the reasonable rental cost of replacement property "for the amount of time plaintiff was deprived of the loss of use of the automobile." *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 119 (Tex.1984); see also *Elias v. Mr. Yamaha, Inc.*, 33 S.W.3d 54, 61 (Tex. App. – El Paso 2000, no pet.) Loss of use damages are not limited to the value of the property. *Mondragon v. Austin*, 954 S.W.2d 191, 196 (Tex. App. – Austin 1997, pet. denied). The plaintiff is not required to rent a substitute or show any amounts actually expended during the period of loss in order to recover loss of use. *Luna v. North Star Dodge Sales, Inc.*, 667 S.W.2d 115, 119 (Tex.1984); *Elias v. Mr. Yamaha, Inc.*, 33 S.W.3d 54, 61 (Tex.App.-El Paso 2000, no pet.). Nor is a plaintiff required to prove loss of use damages with absolute certainty. *Tool Traders Inc. v. Mosley Mach. Co.*, 422 S.W.2d 229, 231 (Tex. Civ. App. – Waco 1967, no writ).

3

8. At trial, Kenneth Allee testified as Plaintiffs' expert on loss of use damages. Allee testified about the rental value of a like kind and quality travel trailer. Based on his knowledge of the weekly rental costs of such a travel trailer, Allee testified that the weekly rental costs of a replacement travel trailer was $797.50. Based on this testimony, the loss of use damages from the date of loss through the date of trial was $98,890.00[1]. Defendant Progressive submitted no testimony regarding loss of use, nor did it submit any evidence to contradict Allee's testimony. Thus, a directed verdict for loss of use damages for Plaintiffs in the amount of $98,890.00 would have been proper.

**There is No Evidence to Support a Finding that Plaintiffs were not Entitled to the Loss of Use Damages Established by the Evidence**

9. The Court should grant a motion for new trial because the greater weight and preponderance of the evidence support a finding that Plaintiffs incurred some damages, and the jury's answer of zero damages for loss of use is inadequate and manifestly unjust. *Fredonia State Bank v. General Am. Life Ins.*, 881 S.W.2d 279, 281 (Tex. 1994); *Hawthorne v. Guenther*, 917 S.W.2d 924, 937 (Tex. App. – Beaumont 1996, write denied). There is no evidence to support the jury's answer to question number 2, loss of use, and the Court erred by overruling the motion for judgment notwithstanding the verdict.

10. The jury found that Defendant Progressive breached the contract. Nevertheless, the jury awarded $0.00 for Plaintiffs' loss of use of the travel trailer. *See* Exhibit A, Jury Question 2. Plaintiffs therefore ask this Court to grant the motion for new trial because the jury's finding that Plaintiffs suffered $0.00 in damages for loss of use is not supported by the evidence.

---

1 The loss of use calculation was based on Mr. Allee's testimony of a fair market rental value of a travel trailer for one week being $797.50. At the time of trial, Plaintiff's covered loss had not been paid for 124 weeks. (124 weeks x $797.50/week = $98,890.

Plaintiff's expert, Allee, established the reasonable rental value of the stolen travel trailer insured by Defendant Progressive. Allee's testimony was not contradicted. Thus, there was no evidence to support the jury's finding that Plaintiffs suffered $0.00 in loss of use damages. Zero damages found by the jury is an inadequate level of damage because Plaintiff established at least some damage for loss of use for the travel trailer through uncontroverted expert testimony.

11. Plaintiffs therefore ask this Court to order a new trial because the greater weight and preponderance of the evidence supports a finding that Plaintiffs sustained loss of use damages, and the jury's answer of zero damages for loss of use is inadequate and manifestly unjust.

### Failure to Provide a Reasonable Explanation for Denial of a Claim is an Unfair Settlement Practice

12. The insurer must provide "a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim." Tex. Ins. Code § 541.060(a)(3). The "reasonableness" of an explanation is judged under an objective standard. *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 795 F.Supp.2d 493, 530 (N.D. Tex. 2011); see also *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988).

13. Question 3 to the jury provided, as a basis for finding that Defendant Progressive committed an unfair claim settlement practice, that Defendant Progressive failed to provide a reasonable explanation for denying the claim in terms of the policy and applicable law. *See* Exhibit A. The jury answered that the Defendant did not commit an unfair claim settlement practice. *See* Exhibit A. Because the jury did not find a violation of the Unfair Settlement Practices Act, the jury did not answer Question 5 regarding whether the violation was committed

5

"knowingly." *See* Exhibit A, Jury Question 5.

14. Defendant Progressive's denial letter, which was introduced into evidence at trial as Plaintiffs' Exhibit 2, stated:

> Our investigation was unable to verify that a loss per the terms of our insuring agreement occurred.
>
> The coverage decision was based on the following policy language:
>
> Insuring Agreement
>
> In return for your payment of the premium, we agree to insure you subject to all the terms, conditions, and limitations of this policy. We will insure you for the coverage and the limits of liability shown on the policy's declarations page. Your policy consists of the policy contract, your insurance application, the declarations page, and all endorsements to this policy.

*See* Exhibit B, attached and incorporated herein by reference.

15. The denial letter fails to provide a reasonable explanation of the basis in the policy for denying the claim in relation to the facts or applicable law. To the extent that Defendants argue that the factual basis for its denial was that the claim could not be "verified," their argument fails. Defendant Progressive's letter does not state what fact(s) it was unable to verify. Nor does the letter state what fact(s) were to serve as the basis of Progressive's decision to deny the claim. Thus, the letter wholly fails to state a factual basis for denying Plaintiffs' claim.

16. Defendant Progressive's denial letter also fails to provide any reasonable explanation for Progressive's decision in terms of the policy or applicable law. The letter merely recites the general insuring agreement language and fails to cite which provision(s) of the insuring agreement actually served as Progressive's basis for denial. The letter, therefore, does not

6

state whether Progressive's decision to deny the claim was based on Plaintiffs' failure to pay premiums; that the claim did not fall within a term of the policy; that the claim did not satisfy a condition of the policy; that the claim fell within a limitation of the policy; or that the claim did not fall within the coverage provided under the policy. Yet, any or all of these reasons remained a possible basis for denial under the insuring agreement that Defendant Progressive quoted in its denial letter. Defendant Progressive's failure to state any factual basis for its denial of coverage only compounds the inadequacy of its denial letter, as no facts are recited that could be read to narrow the universe of possible grounds for denial under the general terms of the policy. Defendant Progressive's citation to the general insuring agreement is therefore overbroad and fails to satisfy the requirements of § 541.060(a)(3).

17. Such a broad basis for denial under the terms of the policy without citation to any facts that would serve to narrow its scope does not and cannot satisfy the requirements of § 541.060(a)(3). Applying a similar Wisconsin law, the court noted that "[a]bsent from the denial letter is any explanation of which specific provision excluded coverage and why." *Miller v. Safeco Ins. Co. of America*, 761 F.Supp.2d 813 (ED Wis. 2011). In *Miller*, the court held that Safeco's recitation of several policy provisions was overly broad and fell "well short" of the "reasonable explanation of the basis in the policy contract or applicable law for denial of a claim" that the Wisconsin statute required. *Id*.

18. Similarly, Defendant Progressive's denial letter in this case is overly broad and falls short of satisfying the requirements of § 541.060(a)(3). Here, the basis of Progressive's denial is so broad and lacking in substance, it fails to serve as a basis at all. In effect, the denial letter states that there is no coverage for the claim because there is no coverage for the claim. The jury's answer to Question 3 is against the great weight and preponderance of the evidence

7

and is manifestly unjust because the evidence conclusively proves that Defendant Progressive violated the Unfair Claims Settlement Act.

**Defendant Progressive's Violation of the Unfair Claims Settlement Practices Act was Committed "Knowingly"**

19. Defendant Progressive's failure to explain a factual basis in terms of the policy or applicable law was committed "knowingly." A violation is committed "knowingly" when there is actual awareness of the falsity, deception, or unfairness of the conduct in question. *St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.* 974 S.W.2d 51, 53 (Tex. 1998). This "actual awareness" can be "inferred where objective manifestations indicate that a person acted with active awareness." *Id.* Actual awareness is established where the evidence shows that the actor thinks to himself: "Yes, I know this is false, deceptive, or unfair to him, but I'm going to do it anyway." *Id at 54.*

20. Plaintiffs conclusively proved a knowing violation of § 541.060(a)(3) in this case. The Claims Notes show that the adjusters recommended denying Plaintiffs' claim on the basis of suspected fraud. *See* Exhibit C, Claims Notes, introduced at trial as Plaintiffs' Exhibit 3 and incorporated by reference. But because fraud is a basis of exclusion of coverage under the terms of the insuring agreement, a denial of coverage based on fraud shifts the burden of proof to Defendant Progressive, requiring Progressive to prove that Plaintiffs' claim fell within that exception. *See* Tex. Ins. Code § 554.002 (placing burden of proof upon insurer to prove that claim falls within an exclusion or exception to coverage), *see* Exhibit D, the Policy. But by basing its denial on its purported inability to "verify" the claim, Defendant Progressive deliberately and knowingly dodged the requirement of meeting its burden to prove that the claim fell within the fraud exclusion. Rather than meeting that burden,

8

Defendant Progressive inappropriately placed the burden of proof upon Plaintiffs to provide direct evidence of the theft loss, in violation of the Texas Insurance Code.

21. Defendant Progressive issued its denial letter in this manner deliberately and by design. Progressive's claims adjuster initially submitted to the claims supervisor a proposed denial letter quoting policy language regarding the fraud exclusion as the basis for denial. *See* Exhibit C, Claim Notes. The proposed denial letter was rejected and revised. The adjuster's proposed fraud language as a basis for denial was not included in the denial letter. Only the general insuring agreement language without reference to any claim facts was inserted in place of the proposed fraud exclusion language of the policy. The overly broad denial letter therefore benefitted the position of Defendant Progressive by forcing an improper burden of proof on Plaintiffs and allowing Defendant Progressive to avoid having to prove the fraud exclusion that it asserted implicitly.

21. Moreover, by doing so with its overly broad denial letter, which: 1) provided no factual basis and 2) failed to specify which term(s) of the policy provided the basis for denial among the several possible alternatives cited, Defendant Progressive purposely avoided informing the Plaintiffs of what fact(s) and/or policy provision(s) were Progressive's reasons for denial. As a result of the purposefully omitted information from its denial letter, Defendant Progressive failed to provide a reasonable explanation of why coverage was excluded. Plaintiffs could not have known what claim fact(s) Plaintiffs were required to prove or disprove to establish that their claim was covered by the policy.

22. Plaintiffs therefore ask this Court to order a new trial because the jury's finding is against the great weight and preponderance of the evidence which supports that Defendant Progressive

9

committed an unfair claims settlement practice by failing to provide a reasonable explanation of a basis in the policy in relation to the facts or applicable law for denying Plaintiffs' claim and Defendants did so "knowingly."

23. Plaintiffs therefore ask this Court to order a new trial because the great weight and preponderance of the evidence supports a finding that Defendant Progressive committed an unfair claims settlement practice by failing to provide a reasonable explanation of a basis in the policy in relation to the facts or applicable law for denying Plaintiffs' claim and that it did so "knowingly." The jury's answer to the contrary is therefore manifestly unjust.

### Misrepresentation Regarding a Policy Provision or Insurance

24. The jury was also asked in Question 3 whether Defendant Progressive committed an unfair claim settlement practice by misrepresenting a policy provision relating to the coverage at issue or by an untrue, deceptive, or misleading statement about insurance. The jury declined to find that Defendants committed an unfair claim settlement practice on either of these theories. *See* Exhibit A, Jury Question 3.

25. But Defendant Progressive's statement in its denial letter that it could not "verify" the claim was: 1) a misstatement of Progressive's duties to its policyholders under the terms of the policy as it applied to Plaintiffs' theft claim, and 2) a misrepresentation of the law of insurance coverage as it applied to Plaintiffs' theft claim. Texas law is clear that insurance coverage for theft of unrecovered property is proven by circumstantial evidence. As stated by one Texas court:

> The evidence showed that the automobile was placed in a shop to be repaired; that
> it was given in charge by appellee to a partner in the shop; that she never saw her

10

automobile after delivering it to the repair shop. The proprietor, Smith, claimed that he had sent the car back, but appellee never saw it. She instituted a search for it, calling in the assistance of city detectives, the sheriff, and the district attorney. What became of the car appellee could not know. She lost it, and, as in other cases of theft, the thief did not leave his name or address. Appellee was not called upon to show who got her automobile, but merely to show that it was hers, and that it disappeared. The character of proof required in a criminal case, in which a party is charged with theft, from the very nature of things could not be required in a civil case. Appellee showed that the automobile was her property, and was in her possession, and was taken without her knowledge or consent, and that was sufficient. The disappearance of the car could not reasonably be accounted for except on the assumption that it was stolen.

*Corporation of Royal Exchange Assurance of London v. Puckett*, 246 S.W. 705, 705 (Tex. App. – San Antonio, 1923); also see *Northern Assur. Co. Limited v. Gross*, 1 S.W.2d 369, 371-372 (Tex. App. – El Paso, 1928) (theft of automobile under insurance policy may be proven by preponderance of the circumstantial evidence).

26. But Defendants repeatedly misrepresented Plaintiffs' burden of proving the theft loss by improperly demanding that Plaintiffs "verify" facts that were, at best, collateral to the proof of theft under an insurance policy. For example, Defendants repeatedly told Plaintiff that they needed to know the exact address of his destination in order to "verify" that the theft was covered under the policy. Moreover, Defendant Progressives' denial letter was inherently deceptive because it implied that direct evidence of facts that were collateral to the proof of theft were necessary to prove coverage under Texas law and under the policy. This was a misrepresentation which benefitted Defendant Progressive by inappropriately and unfairly raising Plaintiffs' burden of proof above what Texas law allows; *i.e.,* proof by a preponderance of the circumstantial evidence that there was a theft of insured property.

27. The Court should grant a new trial on Plaintiffs' claims that 1) Defendant Progressive committed an unfair claims settlement practice by misrepresenting the terms of the insurance

11

policy relating to the coverage at issue and/or that 2) Defendant Progressive made a false, misleading, or deceptive statement about insurance coverage to Plaintiffs because the great weight and preponderance of the evidence supports a finding that Defendant Progressive committed the unfair claims settlement practice and that they did so "knowingly."

28. The Court should grant a new trial because the great weight and preponderance of the evidence supports a finding that Defendant Progressive committed an unfair claims settlement practice by misrepresenting the terms of the insurance policy relating to the coverage at issue and/or that Defendant made a false, misleading, or deceptive statement about insurance coverage to Plaintiffs and Defendants did so "knowingly." The jury's answer to the contrary is against the great weight and preponderance of the evidence and is therefore manifestly unjust.

<u>PRAYER</u>

29. For these reasons, and in the interest of justice and fairness, Plaintiffs ask the Court to grant a new trial on Plaintiffs' claims that Defendants knowingly committed unfair claims settlement practices and for loss of use damages because the jury findings to the contrary is against the great weight and preponderance of the evidence and are therefore manifestly unjust.

12

Respectfully submitted,


Friesell Westerlage, PLLC

By: /s/John Riley Friesell
John Riley Friesell
State Bar No. 90001413
The Niels Esperson Buidling
808 Travis St, 24th Floor
Houston, TX 77002
Telephone: 713-236-9177
Fax: 713-650-1602
john.friesell@sbcglobal.net

**Attorney in Charge for Plaintiff**
**Predistell Robinson**


Certificate of Service

I certify that on November 24, 2014, Plaintiffs' Motion for New Trial has been served upon Defendants Progressive County Mutual Insurance Company and Donald James Wilkins through their attorney of record Wade Williams by fax at 281-652-5517.


/s/ John Riley Friesell
John Riley Friesell

13

```
JUC8H (NR4#)      JUSTICE INFORMATION MANAGEMENT SYSTEM      JUL 15, 2015(C1)
INT6510                   CIVIL CASE INTAKE                  OPT: _____  -  INT
                       GENERAL PARTY INQUIRY                 PAGE:   1 -    1

CASE NUM: 201341593__ PJN> __  TRANS NUM: _____ CURRENT COURT: 80  PUB? _
CASE TYPE: INSURANCE POLICY              CASE STATUS: CASE ON APPEAL
STYLE: ROBINSON, PREDISTELL              VS PROGRESSIVE COUNTY MUTUAL INSURAN
==============================================================================
                     **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME            PTY    ASSOC. ATTY
  NUM    NUMBER                                        STAT
 _    00005-0001 MED 04556500 COLEMAN, BRYAN DOUGLAS
 _    00004-0001 AGT          PROGRESSIVE COUNTY MUTUAL INSU
 _    00003-0001 DEF 21582900 WILKINS, DONALD JAMES          WILLIAMS, WAD
 _    00002-0001 DEF 21582900 PROGRESSIVE COUNTY MUTUAL INSU WILLIAMS, WAD
 _    00001-0001 PLT 90001413 ROBINSON, PREDISTELL           FRIESELL, JOH




==> (5) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```